IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDNA RAMSEY ) | |
|     Plaintiff, ) | |
| ) | |
| ) | |
| ) | Case No:  4:09cv1754TCM |
| ) | |
| TIMOTHY CONNER,  MICHAEL EATON, ) | |
| D'ANDREA MONTGOMERY, ) | |
| DOUGLAS E. LEBERT, FRANK MININNI, ) | |
| AND CITY OF NORMANDY, ) | |
| ) | |
|     Defendants. ) | |

## FIRST AMENDED COMPLAINT

**COMES NOW** the plaintiff and for her causes of action against defendants, jointly and severally, state as follows:

## PARTIES

1. Plaintiff  Edna Ramsey is a resident and citizen of St. Louis County, Missouri.

2. Defendants Timothy Conner, D'Andrea Montgomery and Michael Eaton were at all times herein complained of police officers acting within the scope and course of their employment for the Defendant City of Normandy.

3. Defendant Douglas E. Lebert, at all times herein complained of, was the Chief of Police for the City of Normandy and was acting within his scope and course of employment for the Defendant City of Normandy and that Defendant Frank Mininni is the current and acting Chief of Police of the City of Normandy.

4.      Defendant City of Normandy is a governmental entity created by and established under the laws of the State of Missouri pursuant to Article VI § 15 of the Missouri Constitution. At all times relevant hereto the City of Normandy acted through its agents and employees Defendant Conner, Defendant Lebert and other unknown members of the City of Normandy Police Department.

## JURISDICTION

5.      Plaintiff brings this action due to the violation of her civil rights and her derivative civil rights under 42 U.S.C. §1983 that provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

6.      Plaintiff hereby requests supplemental jurisdiction of her state law claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      This is a civil action seeking money damages against defendants Officer Conner, Officer Montgomery, Officer Eaton, Officer Douglas E. Lebert and the City of Normandy for the acts of Conner, Eaton, Montgomery, Lebert, the City of Normandy and others, under color of state law, which deprived plaintiff Edna Ramsey of rights secured to her under the Constitution of the United States of America and other laws of the United States.  In addition, defendants conspired to deprive plaintiff of those rights with the purpose of impeding and hindering the due course of justice, with the intent to deny the plaintiff the protection of the Constitution and other laws by denying her her liberty; and for refusing, failing or neglecting to prevent such deprivations or denials to her.

8.      On July 11, 2008 Officer Conner unlawfully assaulted plaintiff under color of state law in violation of her rights, including those secured and protected by the Fourth and

Fourteenth Amendments to the United States Constitution.  Defendants jointly and severally violated plaintiff's rights by custom and practice of failing to train, instruct, supervise, control and discipline the officers of the City of Normandy for such violations, and that said custom, practice and usage caused the deprivation of plaintiff's rights secured under the United States Constitution, other laws of the United States, and the laws of the State of Missouri.

9. The City of Normandy, then Officer Lebert and now Officer Mininni have exclusive management and control of the policies and practices of the City of Normandy's police department regarding the method and manner of performing routine traffic stops and are responsible for traffic stops being performed in accordance with the United States Constitution, other laws of the United States, and the law of the State of Missouri and are responsible for insuring that members of the City of Normandy Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties.

10. Each and all of the acts of defendants Conner, Montgomery, Eaton, Lebert and the City of Normandy as well as the acts of other police officers, agents and employees of The City of Normandy were made under color and pretense of the statutes of the State of Missouri and the regulations, practices, customs, and usages of the City of Normandy Police Department.

### FACTS OF OCCURRENCE

11. On July 11, 2008, at approximately 9:00 p.m. defendant Conner stopped the vehicle in which plaintiff was a passenger on the alleged grounds that the vehicle, a 1997 green Chevrolet pickup truck, had a dealer's license plate.

12. Thereafter, defendant Conner asked that Arnett Ramsey, plaintiff's husband and the driver of the vehicle, produce his driver's license and proof of insurance.

3

13.     Arnett Ramsey did as he was requested and gave defendant Conner his driver's license and a proof of insurance card.

14.     Shortly thereafter, several police cars arrived at plaintiff's location. Arnett Ramsey was asked to get out of the vehicle with his hands up; he complied with that request; was ordered to step towards the back of the truck, and was handcuffed.

15.     Plaintiff was ordered out of the vehicle; was told to put her hands up; was ordered to go to a police car that was parked behind the truck and was handcuffed by defendant Conner. Plaintiff was then ordered to get down on the ground. In the process of putting on the handcuffs defendant Conner applied so much force that he caused plaintiff to suffer what she later learned was a left rotator cuff tear and right shoulder tendonopathy.

16.     Plaintiff inquired of one of the police officers why she was being arrested; she was told her to shut up and that she was in a stolen vehicle.

17.     Plaintiff told officer Conner that the handcuffs were too tight and asked that he loosen them, defendant Conner refused.

18.     Sometime thereafter plaintiff was ordered to move from the ground and sit in the back of a police car. By that time the pain that plaintiff was suffering in her shoulders and wrist was excruciating and she was losing feeling in her left arm.

19.     Plaintiff once again requested of officer Conner and/or Officer Eaton and/or Officer Montgomery that the handcuffs be loosened; that request was denied and she once again was informed that she was riding in a stolen car.

20.     Plaintiff attempted to explain to the officer that in June, 2008, she and her husband reported that their 1993 GMC truck was stolen; that truck was replaced with the aforementioned Chevrolet pickup truck. Again, plaintiff requested that the handcuffs be loosened

4

and that she further explained that she also had had neck surgery. Once again, her request to have the cuffs loosened was ignored.

21. Plaintiff tried to explain to the police officers on the scene that the insurance card that her husband had first presented was to the truck that they had reported stolen but that there was another insurance card in the Chevrolet pickup truck that referenced the VIN# on that truck. Had the officer compared the correct insurance card, or at least run the VIN # and license plate on the green Chevrolet pickup he would have immediately realized that the vehicle was not stolen.

22. That defendant Officer Conner, and/or Officer Eaton and/or Officer Montgomery upon realizing that plaintiff's truck was not stolen, released plaintiff and her husband without arresting or charging either of them with an offense.

### COUNT I

### PLAINTIFF EDNA RAMSEY'S CAUSE OF ACTION AGAINST DEFENDANT OFFICER CONNER FOR EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. § 1983

**COMES NOW** Plaintiff Edna Ramsey and for her cause of action against defendant Conner for excessive force states as follows:

23. Plaintiff herewith adopts by reference paragraphs 1 through 22 of this Complaint the same as if fully herein set forth.

24. Acting within the course and scope of their employment as police officers for the City of Normandy, defendants Conner, and/or Eaton and/or Montgomery, without just cause, caused serious bodily harm and injured plaintiff.

25. The conduct of defendant Conner in the manner in which he handcuffed plaintiff was unreasonable, unlawful and unconstitutional in that defendant Conner used more force than was reasonably necessary under the circumstances.

26. As a direct result of defendant Conner using excessive force in the handcuffing of plaintiff which he performed under color of law and was an exercise of his authority as a City of Normandy police officer, plaintiff suffered grievous bodily harm, was deprived of her right to be secure in her person, her right to be free from the unreasonable seizure of her person and to be secure from the use of excessive force in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

27. The acts of defendant Conner as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against defendant Conner in order to punish defendant Conner and to deter him and others similarly situated from like conduct in the future.

28. That defendant Eaton and/or Montgomery were aware that the handcuffs applied by defendant Conner to plaintiff were causing her severe pain but they refused to remove or adjust them.

29. Plaintiff Edna Ramsey also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Edna Ramsey prays judgment against defendants Conner, Eaton and Montgomery, individually and/or jointly, for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish defendants Conner, Eaton and Montgomery and to deter them and others similarly situated from like conduct in the future and

for the costs of this action; for her attorney's fees, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT II

### PLAINTIFF EDNA RAMSEY'S CAUSE OF ACTION FOR FAILURE TO INSTRUCT, SUPERVISE, CONTROL OR DISCIPLINE AGAINST DEFENDANTS DOUGLAS E. LEBERT AND THE CITY OF NORMANDY COGNIZABLE UNDER 42 U.S.C § 1983

Comes now the plaintiff Edna Ramsey and for her cause of action against Defendants Lebert and the City of Normandy, jointly and severally, state as follows:

30. Plaintiff adopts by reference paragraphs 1 through 29 of this Amended Complaint the same as if fully herein set forth.

31. Defendants Lebert and the City of Normandy are vested with the authority to establish policies or customs, practices and usages of the City of Normandy Police Department through training, supervision, discipline and otherwise controlling the officers of the City of Normandy Police Department.

32. There exists within the City of Normandy Police Department policies or customs, practices and usages that are so pervasive that they constitute the policies of the department, such that they are and were the moving force behind and thereby caused the constitutional deprivations of the Plaintiff as have been set forth herein:

33. The policies, customs, practices and usages that exist are:

   (a) The officers of the City of Normandy Police Department use excessive force without regard for the need for the use of force, or without regard for the legality of its use.

(b)     The officers of the City of Normandy Police Department conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of a citizen;

(c)     The officers of the City of Normandy Police Department engage in conduct that is violative of the constitutional rights of citizens with whom they come in contact, including, but not limited to arresting, detaining and prosecuting people in violation of the constitution and laws, both by the acts and means by which they are accomplished;

(d)     The officers do not use the least intrusive means of force necessary and the officers, by their words or actions, escalate encounters with citizens creating or causing the need for officers to use force or to use more force than otherwise would have been required;

34.     The failure to train, discipline or supervise by defendant Lebert and others at the City of Normandy Police Department as resulted in members of the City of Normandy Police Department using excessive force as a matter of custom in violation of clearly established law. Defendant Lebert's failure to train, supervise or discipline is not objectively reasonable. Defendant Sheriff Lebert is not entitled to qualified immunity.

35.     As a result of defendant Lebert and the City of Normandy's failure to train, discipline or supervise the police officers of the department, they deprived plaintiff of her right to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and remediable under 42 U.S.C. § 1983.

36.     The acts of Defendants as aforedescribed were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of the plaintiffs, thus entitling plaintiff to an award of punitive damages against defendant Lebert.

WHEREFORE, plaintiff prays that judgment be entered against defendants Lebert and the City of Normandy for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish defendant Lebert and to deter him and others similarly situated from like conduct in the future and for the costs of this action, for attorney's fees, and for such other and further relief as the Court deems fair and proper under the circumstances.

                                                                                             _____

Kenneth A. Leeds    #8606
7529 Wellington Way
St. Louis, Missouri 63105
314-726-5555
314-725-3012(Fax)
kleeds41@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was e:mailed and mailed postage prepaid by delivering same to the United States Post Office this 29th day of January 2010 and addressed to :

Peter J. Dunne
100 South Fourth Street,  Suite 400
 St. Louis, MO 63102

_____
Kenneth Leeds